UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 17-38251 |
| Jennifer A. Taylor, | ) | |
| | ) | Honorable Janet S. Baer |
| | ) | |
| Debtor. | ) | Hearing Date: September 28, 2018 |
| | ) | Hearing Time: 11:00 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:     Elizabeth C. Berg, Trustee

Authorized to Provide
Professional Services to:     Estate

Date of Order Authorizing
Employment:     December 28, 2017

Period for Which
Compensation is sought:     February 21, 2018 to close of case

Amount of Fees sought:     $1,410.10

Amount of Expense
Reimbursement sought:     $0.00

This is an:     Interim Application __          Final Application  _X_

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses **paid** to the Applicant to date for services rendered and expenses incurred herein is:  $0.00   .

Dated:  August 23, 2018               Elizabeth C. Berg, Trustee of the Estate of
                                                        Jennifer A. Taylor, Debtor

                                                        By:     /s/Elizabeth C. Berg, Trustee
                                                                   Elizabeth C. Berg, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 17-38251 |
| Jennifer A. Taylor, | ) | Honorable Janet S. Baer |
| | ) | (Geneva) |
| Debtor. | ) | Hearing Date: September 28, 2018 |
| | ) | Hearing Time: 11:00 a.m. |

**Application for Allowance and Payment of Final Compensation
of Elizabeth C. Berg, as Trustee**

Elizabeth C. Berg, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Jennifer A. Taylor, debtor ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,410.10 as final compensation for services rendered as trustee in this case from February 21, 2018 through the close of this case during the same period. In support thereof, Trustee states as follows:

**Introduction**

1. The Debtors commenced this case on December 28, 2017 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Elizabeth C. Berg is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate's sole asset was non-exempt equity in a 2012 Chevy Traverse owned by the Debtor ("Property").

4. The bar date for filing general unsecured claims in this case was May 8, 2018. The bar date for filing governmental claims was June 26, 2018.

**Prior Compensation and Expense Reimbursement**

5. This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

6.    Trustee has not previously received or been promised any payments for services rendered or to be rendered or expenses incurred in this case.

### Services Rendered by Trustee

7.    Since her appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. The services rendered by Trustee since her appointment in this case include but are not limited to the following:

A.    Trustee reviewed and analyzed the Debtor's Schedules of Assets and Liabilities as well as the Debtor's Statement of Financial Affairs. Trustee conducted an examination of the Debtor pursuant to Section 341 of the Code.

B.    The Trustee reviewed and analyzed the CarMax appraisal on the property provided by the Debtor. The Trustee analyzed the debtor's exemptions, the non-exempt equity in the Property and facilitated a sale of the Property to CarMax. Trustee drafted her Trustee's Motion to Sell the Property and this Court approved the Trustee's Motion [Dkt. No. 29].

C.    Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate.

D.    Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities.

E.    Trustee examined, analyzed and verified proofs of claim filed against the Estate and resolved all claims issues.

F.    Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.  Trustee has collected the sum of $9,500.00 on behalf of the Estate. Trustee has made $2,914.00 in disbursements in this case as of the date hereof.

9.  Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10. During the period covered by this Application, Trustee spent 10.80 hours rendering services on behalf of this Estate with a value of $2,988.00. Trustee estimates that she will spend an additional three hours rendering services with a value of $765.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file her final account.

11  The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $1,410.10 as follows:

| | |
|---|---|
| 25% of the first  $5,000.00 | $1,250.00 |
| 10% of the next $1,601.00 | $160.10 |
| Total allowable compensation | $1,410.10 |

12. Based upon the caliber of the services rendered by Trustee and the efficiency of administration, Trustee requests allowance and payment of final compensation for her services rendered as trustee from the time of her appointment through the closing of this case in the amount of $1,410.10. This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. After payment of the Estate's administrative expenses, Trustee anticipates that there will be funds available to make a distribution to general unsecured creditors totaling 7.5% of allowed claims.

14.     An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Elizabeth C. Berg, as trustee, is attached hereto as Exhibit B.

15.     Trustee requests that the compensation and expense reimbursement requested herein be paid from the Estate funds in her possession.

## Status of the Case

16.     The Trustee has liquidated or abandoned (or sought to abandon) all of the assets belonging to this Estate and completed her review and analysis of the claims filed against the Estate.

17.     Trustee has completed and filed her Final Report simultaneously herewith.

WHEREFORE, Elizabeth C. Berg, as trustee of the Estate of Jennifer A. Taylor, Debtor requests the entry of an order providing the following:

A.     Allowing to Trustee final compensation in the amount of $1,410.10 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from February 21, 2018 through the closing of this case;

B.     Authorizing the Trustee to pay the amounts awarded from the Estate funds held by the Trustee as part of her final distribution in this case;

C.     For such other and further relief as this Court deems appropriate.

Dated:  July 30, 2018          Elizabeth C. Berg, as trustee of the estate of
                               Jennifer A. Taylor, debtor


                               By: _____/s/ Elizabeth C. Berg, as Trustee___
                                          Elizabeth C. Berg
Elizabeth C. Berg
20 N. Clark St., Suite 200
Chicago, IL  60602
(312) 726-8150

4

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Baldi Berg, Ltd.**
**20 N. Clark Street**
**Suite 200**
**Chicago, IL 60602**

Phone: (312) 726-8150
Fax:    (312) 470-6323

FEIN: 36-4352753

### Invoice submitted to:

July 19, 2018
Invoice No:   03059

Elizabeth C. Berg, Trustee
Baldi Berg, Ltd.
20 N. Clark Street
Suite 200
Chicago, ILLINOIS 60602

**In Reference to:**   *Taylor, J - Trustee Matters*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 2/01/2018 | ECB | Corres to and from D's counsel to finalize sale of Chevy Traverse to CarMax (.2) Review docket and email Ds counsel re filing amended schedules re exemptions (.2) Request proof of insurance (.1) | 0.50 $375.00/ hr | $187.50 |
| 2/02/2018 | ECB | File Initial Report of Assets (.1) Setup TR database (.1) Memo to staff re prep of 327 and 363 motion (.1)) | 0.30 $375.00/ hr | $112.50 |
| 2/05/2018 | ECB | Review and approve motion to hire attys (.1) Review,revise and approve motion to sell car to CarMax (.2) Review and approve Rule 6004 Notice to CRs (.1) | 0.40 $375.00/ hr | $150.00 |
| 2/22/2018 | ECB | Memo to RKP re arrangements for transfer of vehicle and sale | 0.20 $375.00/ hr | $75.00 |
| 2/27/2018 | ECB | Confer with staff re arrangements with Debtor for CarMax sale (.2) Review proposed order and memo to RKP re revision to include waiver of rule 6004(h) stay (.2) | 0.40 $375.00/ hr | $150.00 |
| 2/28/2018 | RKP | Phone conversations with J. Taylor and E. Berg to coordinate sale of vehicle | 0.20 $195.00/ hr | $39.00 |

**Baldi Berg, Ltd**　　　　　　　　　　　　　　　　　　　　　　　　　　　　7/19/2018

Taylor, J - Trustee Matters　　　　　　　　　　　　　　　　　　　　　　　　Page    2

| Date | Staff | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 3/01/2018 | ECB | Addtl corres with RKP re logistics of sale at CarMax | 0.10 $375.00/ hr | $37.50 |
| 3/02/2018 | RKP | Revise proposed order for sale (.1); phone call and email with E. Berg re: same (.1); email to E. Wilmeff at CarMax to confirm documentation in advance of sale (.4); phone conversation with E. Wilmeff re: same (.2); follow up emai with E. Wilmeff to coordinate sale and provide additional documentation and information (.3) | 1.10 $195.00/ hr | $214.50 |
| 3/06/2018 | ECB | Travel to Naperville CarMax and conduct sale of Chevy Traverse | 2.60 $375.00/ hr | $975.00 |
| 4/12/2018 | JMM | Process March 2018 TCB Bank Statement (.1) Reconcile Bank Statement with IQ7 (.1) | 0.20 $195.00/ hr | $39.00 |
| 4/13/2018 | ECB | Review and approve March 2018 bank statement | 0.10 $375.00/ hr | $37.50 |
| 5/10/2018 | JMM | Review and approve non-governmental Proof of Claims filed in case (.6), Add Schedule F information into IQ7 in order to link to Proof of Claims filed (.8) | 1.40 $195.00/ hr | $273.00 |
| 5/10/2018 | JMM | Process April 2018 TCB Bank Statement (.1) Reconcile Bank Statement with IQ7 (.1) | 0.20 $195.00/ hr | $39.00 |
| 5/11/2018 | ECB | Review and approve April 2018 bank statement | 0.10 $375.00/ hr | $37.50 |
| 6/08/2018 | JMM | Process May 2018 TCB Bank Statement (.1) Reconcile Bank Statement with IQ7 (.1) | 0.20 $195.00/ hr | $39.00 |
| 6/12/2018 | ECB | Review and approve May 2018 bank statement | 0.10 $375.00/ hr | $37.50 |
| 7/09/2018 | JMM | Process June 2018 TCB Bank Statement (.1) Reconcile Bank Statement with IQ7 (.1) | 0.20 $195.00/ hr | $39.00 |

**Baldi Berg, Ltd**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　7/19/2018

Taylor, J - Trustee Matters　　　　　　　　　　　　　　　　　　　　　　　　　　　Page　　3

| Date | TK | Description | Hours / Rate | Amount |
|---|---|---|---|---|
| 7/16/2018 | ECB | Review and approve June 2018 bank statement | 0.10 $375.00/hr | $37.50 |
| 7/18/2018 | JMM | Prepare TFR (.8) and NFR (.2), Draft Trustee's Fee Application (1.1), Prep coversheet, affidavit and proposed order (.3) | 2.40 $195.00/hr | $468.00 |

|  |  |
|---|---|
| Total Fees | $2,988.00 |
| Total New Charges | $2,988.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,988.00 |

## Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Elizabeth C Berg | 4.90 | $375.00 |
| Jason M Manola | 4.60 | $195.00 |
| Ricki K Podorovsky | 1.30 | $195.00 |
|  | *10.80* (handwritten) |  |

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Jennifer A. Taylor, | ) | Case No. 17-38251 |
| | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | (Geneva) |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook     )

I, Elizabeth C. Berg, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting successor trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation and Expense Reimbursement of Elizabeth C. Berg, as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services and incurred the expenses set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation or expense reimbursement to be received for services rendered or expenses incurred in connection with this matter, except among the partners and associates of Baldi Berg, Ltd. a law firm at which I have been employed during the pendency of this case. I have not previously received payment of any compensation for services rendered or expense reimbursement for expenses incurred in connection with this case.

4. Further affiant sayeth naught.

_____
Elizabeth C. Berg

Subscribed and sworn to before me
on July 30, 2018

_____
Notary Public

"OFFICIAL SEAL"
Jason M Manola
Notary Public, State of Illinois
My Commission Expires 11/1/2019

**Exhibit B**